IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

STUART N. AULD )
              Plaintiff, )
)
)
v. ) CIVIL No. 11-00498CV-W-DW
)
)
GONZALES CONSULTING SERVICES, INC., )
WILLIAMS PROFESSIONAL SERVICES, LLC ) Verified Complaint;
MONICA HANSEN, )
UNNAMED & ) Demand for Review & Correction
& UNKNOWN, et al. ) of Personnel actions; Demand
) for Jury Trial on Jury matters
              Defendants. )

## AMENDED PETITION (Revised)

COMES NOW Plaintiff, Stuart N. Auld, and for his objections and amended causes of action against Defendants Gonzales Consulting Services, Inc. (GCS), Williams Professional Services, LLC (WPS), Monica Hansen, Unnamed & Unknown Defendants*, and each of them (*excluding the individual named Defendants of Logan, Tisby and Martinez who entered their appearance & were represented by the U.S. Attorney & had Plaintiff's claims against them dismissed w/o prejudice), states and affirms to the Court as follows:

1. Plaintiff incorporates the claims intended to be alleged in his original Petition against the above named Defendants*, as if fully set forth herein by this reference.

2. Plaintiff hereby states objections, claims, arguments, points, authorities & evidence presented by RENEWED & SUPPLEMENTAL MOTION TO MODIFY/AMEND ORDER(S) OF THE COURT & REQUEST FOR REVIEW OF ALL PERSONEL ACTIONS TAKEN AGAINST

PLAINTIFF & MOTION FOR INJUNCTIVE AND/OR EQUITABLE RELIEF, filed November 7, 2011 and MOTION TO MODIFY ORDER(S) OF THE COURT & REQUEST FOR REVIEW OF ALL PERSONEL ACTIONS TAKEN AGAINST PLAINTIFF & MOTION FOR INJUNCTIVE AND/OR EQUITABLE RELIEF, filed October 18, 2011, as if fully set forth herein by this reference. In summary, these newly discovered claims are that- **This Court has jurisdiction under new law: (Sec. 117 of S.B. 372) and older, well established equitable law:\*\*** (See- *Gilliam v. Miller*, 973 F.2d 760, 761 (9th Cir.1992) (reinstatement considered injunctive relief); *Smith v. Barton*, 914 F.2d 1330, 1337 (9th Cir.1990), cert. denied, 111 S.Ct. 2825 (1991) (same)...Note- under Spagnola the "D.C. Circuit permited federal employees to vindicate their constitutional rights through suits against their supervisors and employing agencies for injunctive relief, but not for damages"),... **\*\*to review and correct agency personnel actions, to determine Plaintiff's property and liberty interest in civil service employment, to provide Plaintiff with injunctive/equitable relief, to enforce Plaintiff's constitutional rights, or to redress Plaintiff's grievances or to access damages from the unilateral breach and/or tortuous interference of Plaintiff's DOI/BLM employment contract ...** (NOTE: THE U.S. ATTORNEY MADE NO ENTRY OF APPEARANCE ON BEHALF OF DOI/BLM OR OPM & RESULTANTLY THE COURT'S ORDERS DO NOT ADJUDICATED ANY OF PLAINTIFF'S CLAIMS AGAINST THESE AGENCY(S) OR THEIR ACTION(S) AGAINST PLAINTIFF).

3. The Court should take judicial notice that there are executive orders prohibiting arbitrary and capricious terminations/separations/removals by all agency personnel. This would include agency & contractor actions that violate known well established laws. Plaintiff had the lawful right to use the credit card and was required to use it by DOI/BLM. Statements made by Defendant Hansen to this Plaintiff at the time of her review of Plaintiff's management approved credit card charges in or around

March 15, 2010 and statements made on or around April 30, 2010, to members of the DOI/BLM Personnel department, to Plaintiff's supervisor(s) (Norm Logan, et al) and unnamed/unknown others at DOI/BLM while working as an employee of the GCS and WPS joint venture (contracted to perform various administrative work for DOI/BLM), at the Denver Federal Center, Bldg. 50, in Lakewood, CO, accusing Plaintiff of violating laws, DOI/BLM credit card rules and committing a crime by illegal and unauthorized use of the DOI/BLM credit card were false, defaming, slanderous and caused multiple repeated slanders, libels and defamations against this Plaintiff. Furthermore, because DOI/BLM management accepted the charges and signed of on them, Defendant Hansen was legally, morally, ethically and contractually estopped from going around Plaintiff's managers to the personnel office to try and get Plaintiff fired.

4. GCS & WPS are responsible for the actions of it's employee contractors, including those of defendant Monica Hansen, under the doctrine of respondent superior, applicable state laws regarding defamation and other statutory, constitutional and common laws. Defendant Hansen's words and actions are appropriately characterized as being made within the scope of her individual employment for purposes of respondeat superior. (See *McLachlan v. Bell*, 261 F.3d 908, 912 (9th Cir.2001) (holding that employees' defamatory statements made at work about matters relating to work were within the scope of their employment for purposes of respondeat superior and recognizing that respondeat superior doctrine imposes a broad rule of liability on employers).

5. As a proximate result of these statements and/or actions of Defendants, and each of them, against this Plaintiff, Plaintiff has been damaged by loss of long-term federal employment, pecuniary losses, loss of reputation, emotional and financial distress, moving and transportation costs and other compensatory and/or nominal damages and/or pecuniary losses. Under title 28 U.S.C. 2201 and 2202: Plaintiff is entitled to declaratory judgment to determine rights and legal obligations and legal rights arising under the laws and Constitution of the United States. This Court clearly now has jurisdiction of Plaintiff's claims and in this regard should note a prior Court's thinking:

"It is most true that this Court will not take jurisdiction if it should not: but it is equally true, that it _must_ take jurisdiction if it should. The judiciary cannot, as the legislature may, avoid a measure because it approaches the confines of the constitution. We cannot pass it by because it is doubtful. With whatever doubts, with whatever difficulties, a case may be attended, we must decide it, if it be brought before us. We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given. The one or the other would be treason to the constitution. Questions may occur which we would gladly avoid; but we cannot avoid them. All we can do is, to exercise our best judgment, and conscientiously to perform our duty. In doing this, on the present occasion, we find this tribunal invested with appellate jurisdiction in all cases arising under the constitution and laws of the United States. We find no exception to this grant, and we cannot insert one." (plaintiff's emphasis). Cohens v.Virginia,6 Wheat.264,404(1821).

6. Due to multiplicity of jurisdictions, Plaintiff is entitled to bring his federal & state law claims to this Court, including claims against all the Defendants. Gonzales Consulting Services, Inc. (GCS), Williams Professional Services, LLC (WPS), who are

vicariously liable for the statements & acts of Defendant Hansen which subsequently led to the statements and acts by unnamed, unknown others, et al.

      7. Defendants' actions were willful, wanton, misstated facts/law and constituted actual malice towards Plaintiff. Defendant Hansen had an ulterior motive to do harm to Plaintiff. Plaintiff hereby requests: a) **General Damages** - these include "damages for loss of reputation, shame, mortification, and hurt feelings"; b) **Special Damages** - these "are all damages plaintiff alleges and proves that he suffered in respect to his property, trade, profession or occupation including such amounts of money as the plaintiff alleges and proves he has expended . . ."; c) **Pecuniary losses** and **Compensatory, Nominal and Exemplary Damages** - are damages in recompense for losses or injuries sustained, damages for breach of agreement/invasion of rights and damages which may be in the discretion of the court or jury to be recovered in addition to general and special damages for the sake of compensating Plaintiff and setting an example and by way of punishing a defendant who has made the publication or broadcast with actual malice. Under common law, slander traditionally was actionable per se if it fell into one of four categories:

- imputations of criminal conduct
- allegations injurious to another in their trade, business, or profession

Plaintiff is a licensed real estate broker and insurance broker and if Defendants claims were proven true he would loose his licenses and opportunity for earning income therefrom.

8. Defendant(s) engaged in tortuous interference and/or tortuous interference with business relationships with Plaintiff's employer, employment rights and written employment agreement with DOI/BLM. Because of Defendant Hansen's highly irregular actions in contacting the personnel department with false and defaming claims about this Plaintiff regarding credit card charges that were long before approved by management and paid for by this Plaintiff, this Plaintiff was and continues to be damaged as more particularly described in paragraph 4. above and elsewhere in Plaintiff's petition(s). The classic example of this tort occurs when one party induces another party to breach a contract with a third party, in circumstances where the first party has no privilege to act as it does and acts with knowledge of the existence of the contract. Such conduct is termed tortuous inducement of breach of contract. Another example of Tortuous interference with business relationships occurs where the tortfeasor acts to prevent the Plaintiff from successfully establishing or maintaining business relationships. This tort may occur when a first party's conduct intentionally causes a second party not to enter into a business relationship with a third party that otherwise would probably have occurred. Such conduct is termed tortuous interference with prospective business relations, expectations, or advantage or with prospective economic advantage.

9. Defendant's actions caused tortuous interference with Plaintiff's contract and business relationships at DOI/BLM. These contract and business relationship rights constitute a property interest, and as such are entitled to protection from unjustified tampering by another. See: *The Film and Tape Works, Inc. v. Junetwenty Films, Inc.*, 368 Ill.App.3d 462, 468 (1st Dist. 2006). Plaintiff had a valid enforceable contract for

employment with DOI/BLM. Defendants, via Monica Hansen, were aware of Plaintiff's employment and contract rights with DOI/BLM and their knowledge of same proceeded the alleged conduct of interference.

10. Plaintiff claims that the Defendants intentionally and unjustifiably induced the formerly 3 named individual federal employee Defendants (Logan, Tisby & Martinez) to breach the DOI/BLM employment agreements with Plaintiff, both written, expressed and implied. The evidence of Defendant Hansen's incitement is the fact that she went to the DOI/BLM personnel department and to others in the form of active persuasion of some kind of wrong doing by Plaintiff rather then directly to Plaintiff's superior, Norm Logan, as is standard operating procedure for a question regarding a particular charge that was already approved by management and paid by Plaintiff. Norm Logan verbally told this Plaintiff that if Defendant Monica Hansen had not gone to personnel with her claims of wrong doing and had come to him instead, the matter could have been resolved and no termination would have occurred. This inciting by Defendant Monica Hansen and unknown or unnamed others went beyond merely providing information in a passive way.

11. The Defendants wrongful conduct caused a subsequent breach of the employment contract by DOI/BLM by those exercising and administrating it's enforcement and provisions. The Defendants actions caused unilateral termination of contractual relations between the parties rendering performance by Plaintiff impossible. **The twelve point civil service criteria of _Douglas v Vet. Adm._, 5 MSPR 280, 305-306 (1981) was not applied for due process in Plaintiff's case:**

(1) Nature and seriousness of the offense, and its relation to the employee's duties, position, and responsibilities, including whether the offense was intentional or technical or inadvertent, or was committed maliciously or for gain, or was frequently repeated (The so called offenses, whether performance related or credit card related, had been approved and signed off on by management on behalf of DOI/BLM so the Defendants were legally estopped from making any adverse claims on accepted work product)

(2) Employee's job level and type of employment, including supervisory or fiduciary role, contacts with the public, and prominence of the position

(3) Employee's past disciplinary record (None, my record was clear)

(4) Employee's past work record, including length of service, performance on the job, ability to get along with fellow workers, and dependability. (Work and attendance were above-norm)

(5) Effect of the offense upon the employee's ability to perform at a satisfactory level and its effect upon supervisors' confidence in the employee's ability to perform assigned duties (No real life offense, just those hallucinated by Defendants)

(6) Consistency of the penalty with those imposed upon other employees for the same or similar offenses. (Singled out in reprisal clearly when compared to other DOI/BLM employee discipline for much more grievous and unlawful offenses such as use of illegal drugs, kickbacks, bribes and the like as attached to Plaintiff's original Petition of record)

(7) Consistency of the penalty with any applicable agency table of penalties (No)

(8) Notoriety of the offense or its impact upon the reputation of the agency (No offense)

(9) Clarity with which the employee was on notice of any rules violated in committing the offense, or had been warned about the conduct in question (No notice of non-existent offenses)

(10) Potential for the employee's rehabilitation (None really needed, Plaintiff had not made any so called individual purchases for many months, excepting the emergency gas purchase in March & Plaintiff had never been advised there was a performance problem so no real offense was committed)

(11) Mitigating circumstances surrounding the offense such as unusual job tensions, personality problems, mental impairment, harassment, or bad faith, malice or provocation on the part of others involved in the matter. (Nan Stewart, longterm BLM Real Estate Technician employee, advised Plaintiff to beware that Defendant Logan "was a backstabber"...Clearly, Defendant Logan exhibited poor management style and the Agency was violating its own rules on credit card usage in its claims against Plaintiff as the Agency has stated in pleadings in this case that individual purchases were allowed in emergency situations)

(12) Adequacy and effectiveness of alternative sanctions to deter such conduct in the future by the employee or others; and citing 5 C.F.R. §§ 731.202(c); Federal Personnel Manual, ch. 751, subch. 1-2 Dec. 21, 1976); CSC Board of Appeals and

Review, Memorandum No. 2; *Francisco* v *Campbell*, 625 F2d 266, 269-70 (CA 9, 1980); *Howard* v *U.S.*, Civ. LV-77-219 RDF (D Nev, 3 July 1980) (Mem. Order at 9); *Giles* v *U.S.*, 213 Ct Cl 602; 553 F2d 647, 650-51 602 (1977); *Boyce* v *U.S.*, 211 Ct Cl 57; 543 F2d 1290, 1294 (1976); *Tucker* v *U.S.*, 224 Ct Cl 266; 624 F2d 1029, 1034 (1980); *Byrd* v *Campbell*, 591 F2d 326, 331 (CA 5, 1979); *Clark* v *U.S.*, 162 Ct Cl 477, 485 (1963)

12. The five-point criteria of <u>*Yorkshire v MSPB*</u>, 746 F2d 1454, 1456 (CA Fed, 1984) was not followed either:

(1) Where the agency engaged in a "prohibited personnel practice" (5 §§ 7701(g)(l)) (here using a qualification "requirement" it knows does not exist, and applied to no other employee)

(2) Where the agency's action was "clearly without merit" (5 § 7701(g)(l)), or was "wholly unfounded," or the employee is "substantially innocent" of the charges brought by the agency (Clearly Plaintiff has documented that the actions are without merit as there is no written record of any wrongdoings or progressive discipline or legal opinion from legal department on the matter whatsoever other then the termination letter itself).

(3) Where the agency initiated the action against the employee in "bad faith," including:

a. Where the agency's action was brought to "harass" the employee;

b. Where the agency's action was brought to "exert improper pressure on the employee to act in certain ways":

1. Where the agency's action was brought to "harass" the employee;

2. Where the agency's action was brought to "exert improper pressure on the employee to act in certain ways".

(4) Where the agency committed a "gross procedural error" which "prolonged the proceeding" or "severely prejudiced" the employee.

(5) Where the agency "knew or should have known that it would not prevail on the merits" when it brought the proceeding.

Finally, if more were needed, "Removal" is defined as "A disciplinary separation action, other than for inefficiency or unacceptable performance . . . where the employee is at fault," according to Federal Personnel Manual Supplement 296-33, Subchapter 35, Glossary, page 35-11, pursuant to pre-identified (30 days prior) written notice of charges of violating conduct rules or performance standards, citing the rules, qualifications requirements, and/or performance standards involved as allegedly having been willfully violated, and typically citing prior corrective action (warnings, unsatisfactory ratings, reprimands, suspensions, etc.) having failed to secure improvement in conduct. **CLEARLY, NONE OF THE ABOVE STEPS WERE TAKEN IN PLAINTIFF'S CASE. PLAINTIFF WAS MERELY EXERCISING A LEGAL RIGHT. THE FORMER INDIVIDUAL DEFENDANT'S WERE LEGALLY ESTOPPED FROM ALLEGING ANY FAULT RELATED BEHAVIOR BY PLAINTIFF DUE TO THEIR APPROVAL, ACCEPTANCE AND SIGNING OFF ON ALL PLAINTIFF'S WORK AND CREDIT CARD CHARGES. ACTS OF THESE DOI/BLM EMPLOYEE/AGENTS BIND**

**THE EMPLOYER/PRINCIPAL…I.E., DOI/BLM AND/OR OPM. THUS, DOI/BLM IS LEGALLY ESTOPPED FROM UNILATERALLY TERMINATING PLAINTIFF'S EMPLOYMENT CONTRACT FOR THE REASONS STATED IN THE TERMINATION LETTER.**

13. Restatement (Second) of Torts s 577, comment i (1977), adopts the position that a communication within the scope of his employment by one agent to another agent of the same principal is a publication not only by the first agent but also by the principal and this is true whether the principal is an individual, a partnership or a corporation.

14. A false light privacy action differs from a defamation action in that the injury in privacy actions is mental distress from having been exposed to public view. When Plaintiff was compelled to file his FOIA request, file for unemployment, make his SF-95 Federal Tort Claims demand upon DOI/BLM (which remains unanswered and ignored to date) and now the filing of this lawsuit, Plaintiff was forced to make public these events which tarnished his professional reputation.

15. Because the actions of Defendant Hansen on behalf of her employers, and each of them, were willful, wanton and/or demonstrated actual malice, Plaintiff is entitled to an award of punitive and/or special damages against Defendants (Excluding the 3 named individual Defendants of Logan, Tisby & Martinez). **It is not equitable that the Constitution's Eight Amendment (no cruel and unusual punishments) should be invoked for prisoners, while leaving Plaintiff's punishment in place prospectively, due to DOI/BLM's contractor employee and DOI/BLM Supervisor former Defendant and former employee "Stalingrad-like" hostility towards this Plaintiff.**

16. By being subjected to the imposition of false claims, invalid accusations and unauthorized & intentional tortuous interference and termination of Plaintiff's employment and contract rights with DOI/BLM, Plaintiff has been irreparably injured in his businesses and livelihoods, and will continue to be until such time as the actions of Defendants are declared defaming, tortuous, void and invalid and Plaintiff is somehow compensated for his damages.

17. The conduct of Defendants was outrageous and beyond the scope of their contractual duties, not to mention at odds with past DOI/BLM practices and procedures. <u>Johnson v Dept of Labor</u>, 26 MSPB 447, 449 (1985) says an agency must "afford appellant proper notice of his/her potential avenues of redress"; without that, "even appellant's action in filing an appeal to the Board did not constitute an informed election." Here, without notice of rights, going to both MSPB and Court itself were without uncoerced "informed choice." "*Quod ab initio non valet in tractu temporis non convalescet,* That which is bad in its commencement improves not by lapse of time. *Quod initio non valet, tractu temporis non valet.* A thing void in the beginning does not become valid by lapse of time."--*Black's Law Dictionary* (5th ed, 1979), pp 1126-1127.

18. **Job discrimination is "one of the most deplorable forms of discrimination known to our society, for it deals not with just an individual's sharing in the 'outer benefits' of being an American citizen, but rather the ability to provide decently for one's family in a job or profession for which he qualifies or chooses.' <u>Culpepper v. Reynolds Metals Co.</u>, 5 Cir., 1970, 421 F.2d 888, 891," says <u>Rowe v General Motors Corp</u>, 457 F2d 348, 354 (CA 5, 1972). This is one**

reason justifying why personnel actions are void when there has been substantial procedural due process violations or the personnel action was based upon false claims of other(s). See, e.g., <u>Vitarelli v Seaton</u>, 359 US 535, 539-40; 79 S Ct 968, 972; 3 L Ed 2d 1012 (1959); <u>Service v Dulles</u>, 354 US 363; 77 S Ct 1152; 1 L Ed 2d 1403 (1957); <u>Leone v U.S.</u>, 203 Ct Cl 334 (1974); <u>Jones v U.S.</u>, 203 Ct Cl 544 (1974); <u>Gratehouse v U.S.</u>, 206 Ct Cl 288; 512 F2d 1104, 1108 (1975) cert den 434 US 955; 98 S Ct 480; 54 L Ed 2d 313 (1977); and <u>Hanifan v U.S.</u>, 173 Ct Cl 1053; 354 F2d 358, 364 (1965). "The rule has been firmly established in pay cases 'that lawful administrative action depriving claimant of a procedural right voids the action and leaves the plaintiff to his money otherwise due, until (at the least) proper procedural steps are completed [citations omitted] . . . . [the] references [cited by the agency] do not mean that the agency's action is fully effective to separate the employee for all purposes; as is often the case in judicial proceedings, an appeal or application for review by the Commission [or Board] suspends the final operative effect of the intial decision. It follows that an employee who has been deprived of a procedural right by the Commission must be regarded as not yet lawfully removed and thus entitled to his pay otherwise due." "A tortfeasor has a duty to assist his victim. The initial injury creates a duty of aid and the breach of the duty is an independent tort. See Restatement (Second) of Torts, § 322, Comment c (1965)." *Taylor v Meirick*, 712 F2d 1112, 1117 (CA 7, 1983). This court is required to review the record and hold unlawful and set aside any agency action, findings, or conclusions found to be - (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law,

rule, or regulation having been followed; or (3) unsupported by substantial evidence; except that in the case of discrimination brought under any section referred to in subsection (b)(2) of this section, the employee or applicant shall have the right to have the facts subject to trial de novo by the reviewing court. In Plaintiff's case, INDIVIDUAL CHARGES ON THE SUBJECT CREDIT CARD WERE APPROVED BY MANAGEMENT, APPROVED BY DEFENDANT HANSEN & HER DEPARTMENT AND PAID BY PLAINTIFF. MANY MONTHS PASSED FROM THE DATE OF MANAGEMENT APPROVAL AND PLAINTIFF'S PAYMENT (ANYWHERE FROM 2 TO 10 MONTHS HAD PASSED). NO PERFORMANCE RELATED COMPLAINTS WERE EVER LODGED WITH PLAINTIFF OR THE PERSONNEL OFFICE. DOI/BLM MANAGEMENT IS NOW LEGALLY AND EQUITABLY ESTOPPED FROM CLAIMING A TERMINABLE OFFENSE OCCURRED AS ALL WORK AND CREDIT CARD CHARGES WERE APPROVED, ACCEPTED AND SIGNED OFF ON BY MANAGEMENT ON BEHALF OF DOI/BLM. THESE PETTY COMPLAINTS HAVE NO CASUAL NEXUS TO PLAINTIFF'S PAST WORK ACCOMPLISHMENTS, EFFORTS OR PERFORMANCE.

WHEREFORE, Plaintiff is demanding all damages recoverable under applicable state and federal Statutes and Constitutions, the common law and all applicable laws, statutes, rules or ordinances which allow for recovery of damages flowing from the defamations, false light privacy action, outrageous conduct, tortuous interference, deprivation of a constitutional right, privilege or immunity, including any state tort remedies or other remedies found applicable herein; Damages for each repetition of a defamatory remark as if a new injury and damages every time Plaintiff, Defendant or someone else repeats the defamatory comment; Judicial review and judicial correction of the DOI/BLM and/or OPM agency actions and personnel actions against Plaintiff as

required by new law; for equitable injunctive relief to provide for reinstatement of Plaintiff with back pay and all employee benefits wrongfully taken; for redress of Plaintiff's grievances; That this Court award damages, exemplary damages, pre and post judgment interest, costs, attorney fees and for such other and/or further relief as the Court may deem just and proper in the premises.

Respectfully Submitted,

Stuart N. Auld
P.O. Box 33171
Kansas City, MO 64114
913-888-2300
corpservinc@yahoo.com

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **AMENDED PETITION** was filed with the Clerk of the Court on this 7th day of November, 2011, and further certifies that a true and correct copy of the foregoing was sent via U.S. Mail, first class, postage prepaid or hand delivered to the individual Defendants by serving their representative below:

Mr. Jeffrey P. Ray
Assistant U.S. Attorney
Charles Evans Whittaker Courthouse
400 E. 9th Street, Fifth Floor
Kansas City, MO 64106

Gonzales Consulting Services, Inc.
Serve: Mr. Albert C. Gonzales, President/CEO
5690 DTC Boulevard, Suite 560E
Greenwood Village, CO 80111

Williams Professional Services, Inc.
Serve: Mr. Spencer Williams, President
5690 DTC Boulevard, Suite 560E
Greenwood Village, CO 80111

Monica Hansen, employee contractor
& DOI/BLM
Attn: Wade Frary
Denver Federal Center, Bldg. 50
P.O. Box 25047
Denver, CO 80225

Stuart N. Auld
P.O. Box 33171
Kansas City, MO 64114
913-888-2300
corpservinc@yahoo.com